FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 0 9 2026

MITCHELL R. ELFERS
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Mark Pushkantser
　　　　　　　*Petitioner,*
　　　　　　　　　*v.*
United States Department of Homeland Security
(DHS);
United States Immigration and Customs Enforcement
(ICE);
United States Attorney General

　　　　　　　*Respondents.*

Case No.:_____

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### INTRODUCTION

1. The Petitioner, Mark Pushkantser, challenge his indefinite detention as a violation of the Immigration and Nationality Act (INA) and the Due Process of the Fifth Amendment.

2. Petitioner Pushkantser respectfully asks the Court grant his a Writ of Habeas Corpus, ordering Respondents to release Petitioner from ICE custody under reasonable conditions of supervision. He seek habeas relief under 28 U.S.C. § 2241, which is the proper vehicle for challenging civil immigration detention. See *Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)). See also *Horbenko v. Castro,* No. 2:25-cv-0764 WJ/DLM, 2026 WL 381867 at 5 (D.N.M. Feb 11, 2026) without concrete progress insufficient to justify continned.

### STATEMENT OF FACTS

1. The Petitioner detained at Otero County Processing Center (OCPC) in Chaparral, New Mexico.

2. Petitioner has been in ICE custody for over 14 months since January 19, 2025.

3. ICE officer verbally advised Petitioner that he was subject to deportation to his country of origin.

1

4. Petitioner's deportation to Russia is very dengerous for him. In Russia he will be imprisoned immediately, tortured and probablly killed.

5. After fleing Russia, Petitioner Pushkantser resided in Mexico since January 2022.

6. Petitioner Pushkantser handed all documents to the ICE for sefekeeping. These documents was stolen (Russian Pasport, Mexican ID residence permanent, Driver license).

7. If the Petitioner is released, he can do a valid documents when applying in personal to the consulate. After his release, he will reside in Austin, Texas.

8. While in ICE custody, the Petitioner's health deteriorated drasticaly. He developed high blood pressure, his vision deteriorated sharply, and he lost several teeth. (*See* Health Status).

9. The Petitioner is currently awaiting review of his application a Nonimigrant Status – U Visa Legal Framework (*See* Form I-797C, Notice of Action).

## LEGAL FRAMEWORK

10. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause [of the Firth Amendment] protects." *Zadvydas v. Davis, 533 U.S. 678, 690 (2001).*

11. The Due Process Clause requires that the deprivation of Petitioner' liberty be narrowly tailored to serve a compelling government interest. *See Reno v. Flores,* 507 U.S. 292, 301-02 (1993) (Holding that due process "forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest"). As the Supreme Court held in *Zadvydas,* indefinite detention, and detention without adequate procedural protections, would raise a "serious constitutional problem" and run afoul of the Due Process Clause. 533 U.S. at 690.

12. Section 1231 of Title 8 of the U.S. Code governs the detention and removal of noncitizens, like Petitioner, who have been ordered removed. Section 1231(a)(2) authorizes a 90-day period of mandatory post-final-removal-order detention, during which ICE is supposed to effectuate removal. This 90-day period is known as the "removal period" and starts with the latest of one of the triggering conditions listed in Section 123(a)(1)(B)(i)-(iii): (i) the entry of a final removal order; (ii) the final order from a circuit court reviewing the removal order, if the court ordered a stay of removal pending review, or (iii) the [noncitizen] is confined (except under an immigration

process), the date the [noncitizen] is released from detention or confinement." The Petitioner was not provided with documents with the decision and deportation order. The "removal period" report has been running since the detention on January 25, 2025.

13. Those individuals who are not removed within the 90-day removal period are no longer subject to mandatory detention, and should generally be released under conditions of supervision, such as periodic reporting and other reasonable restrictions. *See* 8 U.S.C. § 1231(a)(3). The government may continue to detain certain non-citizens beyond the 90-day removal period if they have been ordered removed on inadmissibility grounds after violating nonimmigrant status or conditions of entry, or on grounds stemming from criminal convictions, or security concerns, or if they have been determined to be a danger to the community or a flight risk. *See id.* § 1231(a)(6). If their groups of noncitizens are released, they are also subject to the supervision terms set forth in Section 1231(a)(3). *Id.*

14. In *Zadvydas,* the Supreme Court held that Section 1231(a)(6), when "read in light of the Constitution's demands, limits [a noncitizen]'s post-removal-period detention to a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." 533 U.S. at 689. A "habeas court must [first] ask whether the detention in question exceeds a period reasonably to secure removal." *Id.* At 699. "[O]nce removal in no longer reasonably foreseeable, continued detention in no longer authorized by statute." *Id.* At that point, the individual must release because their continued detention would violate both Section 1231(a)(6) and the Due Process Clause of the Fifth Amendment. *Id.*

15. In determining a period reasonably necessary to effectuate removal, the *Zadvygas* court adopted a "presumptively reasonable period of detention" of six months, inclusive of the 90-day removal period. *Id.* At 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id., see also Clark v. Martinez,* 543 U.S. 371, 386 (2005) (Granting habeas relief to inadmissible Cuban petitioners whose detention lasted beyond six months post-removal order and whose removal to Cuba was not reasonably foreseeable); *Morales-Fernandez v. I.N.S.,* 418 F.3d 1116, 1124 (10th Cir. 2005) (same).

3

16. The government should release a noncitizen whom it has detained beyond the presumptive six-month period if it is unable to present documented confirmation that removal is likely to occur in the reasonably foreseeable future. *Clark,* 543 U.S. at 386.

17. Release is the proper remedy for unconstitutionally prolonged post-removal-order detention. *See Zadvydas,* 533 U.S. at 699-700 (explaining that supervised release is the appropriate relief when "the detention in question exceeds a period reasonably necessary to secure removal" because at that point, detention is "no longer authorized by statute").

## VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT – 8 U.S.U. § 1231

18. The Petitioner reallege and incorporate by reference each and every allegation contained above.

19. Section 1231(a) of Title 8 of the U.S. Code Governs the detention of an individual with an administrative final order of removal. The INA permits DHS to detain an immigrant during the "removal period," which is defined as the 90-day period following the issuance of a final order of removal. 8 U.S.U §§ 1231(a)(1)(A), (a)(1)(B), (a)(2).

20. Petitioner are detained pursuant to the discretionary, post-removal-period detention provision, Section 1231(a)(6), because more than ninety days have elapsed since his removal order became administratively final. *See* 8 C.F.R § 1241.1.

21. Petitioner have not engaged in any conduct to trigger an extension of the removal period under Section 1231(a)(1)(C).

22. In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court construed Section 1231(a)(6) to contain an implicit temporal limitation of six months, after which continued detention is no longer presumptively reasonable. *Id.* At 701. After that point, "if a detainee 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' … [and] the government fails to rebut the detainee's assertion, he must be released." *Singh v. U.S. Att'y Gen., 945 F.3d* 1310, 1313-14 (11th Cir. 2019) (quoting *Zadvydas,* 533 U.S. at 701); *Soberanes v. Comfort,* 388 F.3d 1305, 1311 (10th Cir. 2004).

23. The Petitioner have been detained for over six months since his removal order became administratively final. There my detention under Section 1231 is no longer presumed reasonable. Regardless of the length of the petitioner detention, he will not to be removed in the reasonably future, and therefore he is entitled to relief under *Zadvydas.*

4

*Pushkantser    A-221180814*

24. Nor is there any other "sufficiently strong special justification" for Petitioner prolonged detention beyond the six-month limit. *See Zadvydas,* 533 U.S. at 690-91.

25. Thus, Petitioner' detention violates Section 1231, and he is entitled to immediate release from custody.

## VIOLATION OF THE DUE PROCESS CLAESE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

26. The Due Process Clause of the Fifth Amendment Forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. "Freedom from imprisonment – from government custody, detention, or other forms of physical restrain – lies at the heart of the liberty" that the Due Process Clause protects. *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992)).

27. Civil immigration detention violates due process if it is not reasonably related to its statutory purpose. *See id.* At 690 (citing *Jackson v. Indiana,* 406 U.S. 715, 738 (1972)). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention: you mitigate the risk of flight and prevent danger to the community. *Id.; Demore v. Kim,* 538 U.S. 510, 514-15, 528 (2003).

28. Prolonged civil detention also violates due process unless it is accompanied by strong procedural protections to guard against the erroneous deprivation of liberty. *Zadvydas,* 533 U.S. at 690-91; *Foucha,* 504 U.S. at 81-83; *Kansas v. Hendricks,* 521 U.S. at 346, 364-69 (1997); *United States v. Salerno,* 481 U.S. 739, 750-52 (1987).

29. The Petitioner' prolonged civil detention has extended well beyond the end of the removal period, and will continue into indefinite future. His detention is no longer reasonably related to the primary statutory purpose of ensuring imminent removal.

30. Thus, the Petitioner' detention violates both substantive and procedural due process.

## PRAYER FOR RELIEF

The Petitioner respectfully asks the Court grant the following relief:

1. Petitioner Pushkantser respectfully asks the Court to grant a writ of habeas corpus ordering Respondents to immediately release the Petitioner from custody under appropriate conditions of supervision;

2. The Petitioner request not to be deported to Russia. Deportation to Russia would be life-treatening for the petitioner.

3. The Petitioner declare that indefenite detention violates the Immigration and Nationality Act.

4. The Petitioner declare that indefenite detention violates Due Process Clause of the Fifth Amendment.

Sincerely, Mark Pushkantser

Date 2/April/2026

Signature _____

6



Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type |
|---|---|---|
| IOE0936050487 | | I918 - PETITION FOR U NONIMMIGRANT STATUS |
| Received Date | Priority Date | Applicant  A221 180 814 |
| 02/20/2026 | | PUSHKANTSER, MARK |
| Notice Date | Page | Beneficiary |
| 03/19/2026 | 1 of 2 | PUSHKANTSER, MARK |

PUSHKANTSER, MARK
26 MCGREGOR RANGE RD
CHAPARRAL  NM  88081

**Notice Type:** Receipt Notice
Fee Waived

**We have received the application or petition ("your case") listed above. This notice only shows that your case was filed on the "Received Date" listed above. It does NOT grant you any immigration status or immigration benefit. and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.**

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us. as well as proof of delivery. Have these records available when you contact us about your case.

**Contacting the Agency**

If your safe mailing address changes and you do not have an attorney of record or representative on your case you must submit your address change in writing, with your signature, to the center with jurisdiction over your filing. Otherwise, you might not receive notice of your action on this case. If any other changes need to be made you also must contact the center with jurisdiction over your filing in writing. Please include what changes need to be made and your signature.

If any of the information in your notice is incorrect or you have questions about your case. you can reach USCIS at www.uscis.gov/contact, utilizing the available case inquiry options for "Inquiries for VAWA, T, and U Filings."

SCOPS TEXAS FACILITY
U.S. Citizenship & Immigration Services
6046 N BELT LINE RD.
IRVING. TX 75038-0001

**Processing time** - Processing times vary by case type. Go to www.uscis.gov to see the current processing times listed by case type and office.

- View your case status on our website's Case Status Online page.
- You can also sign up to receive free email updates as we process your case.
- During most of the time while your case is pending, the processing status will not change. This is because we are working on cases that were filed before your case.
- When we make a decision on your case or if we need something from you. we will notify you by mail and update our systems.
- If you do not receive an initial decision or update from us within our current processing time, visit our website at www.uscis.gov for options for submitting an inquiry.

**Biometrics** - We require biometrics (fingerprints. a photo. and a signature) for some types of cases. If we need biometrics from you. we will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must wait for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are:

- A passport or national photo ID issued by your country.
- A driver's license,
- A military photo ID, or
- A state-issued photo ID card.

If you receive more than one ASC appointment notice (even for different cases), take them both to the first appointment date.

**Return of Original Documents** - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: If you wish to obtain your mother's birth certificate and your mother's/father's marriage certificate, both of which are in the USCIS file that pertains to her. submit one Form G-884 with your mother's information.)

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

SCOPS TEXAS FACILITY
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N BELT LINE RD.
IRVING TX 75038-0001

USCIS Contact Center: www.uscis.gov/contactcenter



If you are visiting a field office and need directions, including public transportation directions, please see **www.uscis.gov/fieldoffices** for more information.

| **Notice for Customers with Disabilities** | |
|---|---|

To request a disability accommodation:

- Go to uscis.gov/accommodations to make your request online, or
- Call the USCIS Contact Center at 1-800-375-5283 (TTY 1-800-767-1833) for help in English or Spanish.

If you need a sign language interpreter, make your request as soon as you receive your appointment notice. The more advance notice we have of your accommodation request, the better prepared we can be and less likely we will need to reschedule your appointment. For more information about accommodations, visit uscis.gov/accommodationsinfo.

Department of Homeland Security
U.S. Citizenship and Immigration Services



## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number<br>IOE0936050487 | | Case Type<br>I918 - PETITION FOR U NONIMMIGRANT STATUS | |
|---|---|---|---|
| Received Date<br>02/20/2026 | Priority Date | Applicant  A221 180 814<br>PUSHKANTSER, MARK | |
| Notice Date<br>03/19/2026 | Page<br>2 of 2 | Beneficiary<br>PUSHKANTSER, MARK | |

NOTICE: The information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

SCOPS TEXAS FACILITY
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N BELT LINE RD.
IRVING TX 75038-0001

USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C    10/13/21

If you are visiting a field office and need directions, including public transportation directions, please see **www.uscis.gov/fieldoffices** for more information.

---

### Notice for Customers with Disabilities

---

To request a disability accommodation:

- Go to uscis.gov/accommodations to make your request online, or
- Call the USCIS Contact Center at 1-800-375-5283 (TTY 1-800-767-1833) for help in English or Spanish.

If you need a sign language interpreter, make your request as soon as you receive your appointment notice. The more advance notice we have of your accommodation request, the better prepared we can be and less likely we will need to reschedule your appointment. For more information about accommodations, visit uscis.gov/accommodationsinfo.

**PUSHKANTSER, MARK**          #A221180814    Location: D6 - - - 50          DOB: 3/22/1975 (50y)

**Male**

| | | | | |
|---|---|---|---|---|
| Anniversary Date: | 11/5/2025 | | TB Date & Result: | |
| Race | C | | Language | English |
| Lactation Flag | False | | Alt Num | |
| Smoking Status | | | Suicide Status | N/A |
| Height/Wt | 5'9" 185 lbs | | Pregnancy | No |

## Allergies

| Allergy | Onset Date | Severity | Onset Type |
|---|---|---|---|
| ANTIHISTAMINE | | N/A | N/A |
| BENADRYL | | MILD | N/A |
| FLOWERS | | N/A | N/A |
| GRAINS | | N/A | N/A |

## Immunizations

No Immunizations indicated

## Medications

No Medications indicated

## Problem List

| Problem Description | Start Date | Diagnosed By | Resolved By | Stop Date |
|---|---|---|---|---|
| ICD-10- (I10) - (CHRONIC) - Essential (primary) hypertension | 3/20/2025 | DOC- PACHECO, JESSICA | | |
| ICD-10- (Z87.891) - (CHRONIC) - Personal history of nicotine dependence | 3/20/2025 | DOC- PACHECO, JESSICA | | |
| ICD-10- (Z68.2) - (CHRONIC) - Body mass index [BMI] 20-29, adult | 3/20/2025 | DOC- PACHECO, JESSICA | | |

## Lab Result Summary

No Lab Results indicated

## Vitals Summary

| Vitals Type Desc | Vital Information | Recorded By | Date Taken |
|---|---|---|---|
| BODY TEMPERATURE | 97.7 °F | LOPEZ, BEATRIZE | 2/22/2026 8:51:22 AM |
| BODY TEMPERATURE | 97 °F | CASTILLO, ROSA | 1/17/2026 12:49:03 PM |
| BODY TEMPERATURE | 97.3 °F | VERA, GRACIELA | 12/11/2025 4:29:32 PM |
| PULSE RATE | 103 BPM | LOPEZ, BEATRIZE | 2/22/2026 8:51:22 AM |
| PULSE RATE | 97 BPM | FRY, VERONICA | 1/25/2026 2:02:00 PM |
| PULSE RATE | 102 BPM | FRY, VERONICA | 1/24/2026 4:02:00 PM |
| PULSE RATE | 102 BPM | PORRAS, CLAUDIA | 1/22/2026 4:38:00 PM |
| PULSE RATE | 100 BPM | FRY, VERONICA | 1/21/2026 4:52:00 PM |

**EHR Clinical Report**

| | | |
|---|---|---|
| **Facility:** | NMOP - OTERO COUNTY PROCESSING CENTER |
| **Created By:** | RIOS, NAOMI |
| **Created On:** | 03/13/2026 6:51:01 AM |

**PUSHKANTSER, MARK**          **#A221180814**    **Location: D6 - - - 50**          **DOB: 3/22/1975 (50y)**

| | | | |
|---|---|---|---|
| PULSE RATE | 102 BPM | CASTILLO, ROSA | 1/17/2026 12:49:03 PM |
| PULSE RATE | 107 BPM | VERA, GRACIELA | 12/11/2025 4:29:32 PM |
| BLOOD PRESSURE | 167/102 mmHg | LOPEZ, BEATRIZE | 2/22/2026 8:51:22 AM |
| BLOOD PRESSURE | 156/105 mmHg | FRY, VERONICA | 1/25/2026 2:02:00 PM |
| BLOOD PRESSURE | 175/111 mmHg | FRY, VERONICA | 1/24/2026 4:02:00 PM |
| BLOOD PRESSURE | 171/94 mmHg | PORRAS, CLAUDIA | 1/22/2026 4:38:00 PM |
| BLOOD PRESSURE | 176/110 mmHg | FRY, VERONICA | 1/21/2026 4:52:00 PM |
| BLOOD PRESSURE | 160/100 mmHg | CASTILLO, ROSA | 1/17/2026 12:49:03 PM |
| BLOOD PRESSURE | 156/91 mmHg | VERA, GRACIELA | 12/11/2025 4:29:32 PM |
| RESPIRATORY RATE | 18 RPM | LOPEZ, BEATRIZE | 2/22/2026 8:51:22 AM |
| RESPIRATORY RATE | 18 RPM | CASTILLO, ROSA | 1/17/2026 12:49:03 PM |
| RESPIRATORY RATE | 18 RPM | VERA, GRACIELA | 12/11/2025 4:29:32 PM |
| WEIGHT | 185 lbs | LOPEZ, BEATRIZE | 2/22/2026 8:51:22 AM |
| WEIGHT | 182 lbs | CASTILLO, ROSA | 1/17/2026 12:49:03 PM |
| WEIGHT | 176 lbs | VERA, GRACIELA | 12/11/2025 4:29:32 PM |
| PULSE OXIMETRY READING | 98 % | LOPEZ, BEATRIZE | 2/22/2026 8:51:22 AM |
| PULSE OXIMETRY READING | 97 % | CASTILLO, ROSA | 1/17/2026 12:49:03 PM |
| PULSE OXIMETRY READING | 96 % | VERA, GRACIELA | 12/11/2025 4:29:32 PM |

## CIWA/COWS Scores

## Next of Kin

No Next Of Kin Indicated

## Patient Messages

## Scheduled Consultations

No Scheduled Consultations Indicated

**EHR Clinical Report**

**Facility:**     NMOP - OTERO COUNTY PROCESSING CENTER

**Created By:**   RIOS, NAOMI

**Created On:**   03/13/2026 6:51:01 AM

Case 2:25-Cv-01-14-6-KG-JMR Document 5 Filed 04/09/26 This package is made from post-consumer waste. Please recycle.

**PRESS FIRMLY TO SEAL**

  

FSC MIX Board FSC® C116918

PAPER POUCH how2recycle.info

**PRESS FIRMLY TO**

 

quad
PRIC
IMI
$0
04/0(
043M

# UNITED STATES POSTAL SERVICE®

# PRIORITY® MAIL



**FROM:** Pushkantser, Mark
A221180814

Otero County Processing Center
26 McGregor Range Rd.
Chaparral, NM 88081

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**RECEIVED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 09   6

MITCHELL R. ELFERS
CLERK

**TO:**

# FLAT RATE ENVELOPE
## ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



**USPS.COM/PICKUP**

UNITED STATES DISTRICT
DISTRICT OF NEW ME?
OFFICE OF THE CLERK
SUITE 270
333 LOMAS BLVD. N. W
ALBUQUERQUE, NEW MEXICO

 UNITED STATES POSTAL SERVICE®

**USPS TRACKING #**

**ED**

Label 400 Jan 2013
7690-16-000-7948

9114 9012 3080 1881 3541 76

4F October 2023
12 1/2 x 9 1/2


PAPER POUCH how2recycle.info