IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK PUSHKANTSER,

     Plaintiff,

v.                                             No. 25-cv-1146-KG-KBM

FNU SOTO, *et al*,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's *pro se* Amended Prisoner Complaint for

Violation of Civil Rights.  (Doc. 1) (Complaint).   He seeks money damages under *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) on the ground that

federal officials stole his property, and his conditions of confinement are unsafe.  Having

reviewed the Complaint and supplemental filings *sua sponte* under 28 U.S.C. § 1915(e), the

Court will require Plaintiff to file an amended complaint.

     I.     <u>Background</u>

Plaintiff is an immigration detainee at the Otero County Processing Center (OCPC).  He

filed a separate 28 U.S.C. § 2241 proceeding challenging his custody, which is pending before the

Hon. Kea Riggs.  (Doc. 1) in 26-cv-1169 KWR-KRS.  In this civil rights proceeding, Plaintiff

primarily alleges his wallet, cash, a phone, cryptocurrency, and documents were stolen at

detention facilities in Arizona and New Mexico.  (Doc. 2) at 7-8.  He complained to Officer Soto

at OCPC, who allegedly stated Plaintiff could not prove anything.  *Id.* at 9.  Plaintiff alleges

Officer Soto falsified financial statements and claimed the money was placed in Plaintiff's pocket

or bag. *Id.* Plaintiff further alleges that OCPC Officer Keys failed to respond to his hunger strike and that another officer pressured Plaintiff to sign documents. *Id.* Plaintiff filed a grievance regarding the alleged theft of property, but he did not obtain relief. *Id.* at 12.

After filing the Complaint, Plaintiff filed a supplemental pleading that addresses his conditions of confinement. (Doc. 4) (Supplement). The Supplement alleges that on January 13, 2026, OCPC Sergeant Perez and Security Officer Jara forced Plaintiff to clean the facility restroom and shower. *Id.* at 1. Plaintiff had an allergic reaction to a chemical in the cleaning supplies, which caused his skin to crack and bleed. *Id.* Perez and Jara allegedly ignored his complaints, and at one point, Plaintiff was placed in solitary confinement for refusing cleaning duties. *Id.* Plaintiff visited the medical office on January 16, 2026, but it does not appear that medical providers excused him from cleaning. *Id.* at 2. Plaintiff alleges he is required to clean every twelve days and that such duty is torture. *Id.*

Based on these facts, the Complaint and Supplement seek at least $22 million in damages under *Bivens*.[1] Plaintiff names the following parties as Defendants: (1) Officer Soto; (2) Officer Keys; (3) Sergeant Perez; (4) Management and Training Corporation (MTC); (5) OCPC; (6) U.S. Department of Homeland Security (DHS); (7) Immigration and Customs Enforcement (ICE); and (8) an unnamed ICE officer. (Doc. 2) at 2; *see also* Doc. 4 at 2. Plaintiff filed a Motion to Proceed *In Forma Pauperis* (Doc. 3), which reflects he cannot afford to prepay the filing fee. The Court will grant the Motion and conduct an initial review of the Complaint.

---

[1] Plaintiff checked the boxes in the Complaint seeking damages under both *Bivens* (governing relief from federal officers) and 42 U.S.C. § 1983 (governing relief from state officers). As discussed below, Section 1983 relief is not available because all defendants are federal officers.

II.       Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis*.  The Court must dismiss any complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile.  *Id.*

III.      Discussion

The Complaint seeks damages from federal officers and agencies in connection with Plaintiff's ICE detention.  Such claims must be analyzed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which is the "federal analog" to 42

3

U.S.C. § 1983 actions.  *See Ashcroft v*, 556 U.S. at 675-76.  The Court will set forth the current

*Bivens* test and determine whether the instant Complaint states a cognizable claim.

    *A.  The Bivens Test*

    *Bivens* recognizes an "implied private action for damages against federal officers alleged

to have violated a [person's] constitutional rights."  *Ingram v. Faruque*, 728 F.3d 1239, 1243

(10th Cir. 2013).  *Bivens* itself involved a federal officer's use of excessive force.  The Supreme

Court has only expanded the implied cause of action in two additional contexts: (1) a former

congressional staffer's claim of gender discrimination under the Fifth Amendment, *see Davis v.

Passman*, 442 U.S. 228, 245-48 (1979), and (2) a federal prisoner's claim regarding failure to

provide adequate medical care under the Eighth Amendment, *see Carlson v. Green,* 446 U.S. 14,

16-19 (1980).

    After issuing the three decisions, the Supreme Court "has consistently declined to extend

*Bivens* to new contexts."  *Goldey v. Fields*, 606 U.S. 942, 945 (2025).  While the Supreme Court

has not expressly revoked the cause of action, relief is unavailable if the facts deviate from the

original three circumstances.  *See Rowland v. Matevousian*, 121 F.4th 1237, 1241–42 (10th Cir.

2024) (noting "*Bivens* is … all but dead"); *Silva v. United States,* 45 F.4th 1134, 1140 (10th Cir.

2022) (extending *Bivens* to new factual scenarios or legal claims would be "impermissible in

virtually all circumstances").

    The Tenth Circuit now applies a two-step inquiry to determine whether a *Bivens* claim is

cognizable.  Courts "must first examine whether [Plaintiff's] case arises in a new *Bivens* context,

or in other words, analyze whether his case is meaningfully different from the three cases in

which the Court has implied a damages action."  *Rowland*, 121 F.4th at 1242 (quotations

omitted).  "Second, [courts] must consider whether there are special factors suggesting that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed."  *Id.*  "If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy."  *Id.*

   B.  *The Complaint Fails to State a Bivens Claim*

   The Complaint here fails to state a *Bivens* claim, for several reasons.  First, Plaintiff appears to sue each Defendant in their official capacity.  (Doc. 2) at 3-4 (checking the "official capacity" boxes under Defendants' names/addresses).  "[A] *Bivens* claim can be brought only against federal officials in their individual capacities."  *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).  Such claim "may not be brought against federal ... agents acting in their official capacities."  *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).  Moreover, plaintiffs cannot sue federal agencies under *Bivens*.[2]  *See Smith*, 561 F.3d at 1099 ("*Bivens* claims cannot be asserted directly against … federal agencies").  The Complaint and Supplement are therefore subject to dismissal on that basis.

   Alternatively, assuming any federal officers were named in their individual capacities, the facts are insufficient to show Plaintiff is entitled to relief under *Bivens*.  Plaintiff alleges federal officials stole his property and money; falsified financial statements; and pressured him to sign certain documents.  Such claims do not fall within the parameters of the "three cases in which the [Supreme] Court has implied a damages action."  *Rowland*, 121 F.4th at 1242; *see also Crosby v. Complex*, 2024 WL 4189363, at *5 (S.D. Ind. Sept. 12, 2024) (claim "related to theft or other

---

[2] Plaintiff also names MTC, which may be a private company who is performing the function of a federal entity.  Plaintiff has not identified how MTC is involved in the alleged wrongdoing or whether he asserts claims under *Bivens* or some other theory.   Plaintiff should clarify these points in the amended complaint.

deprivation of [plaintiff's] property would present a new *Bivens* context"); *Arrick v. Fed. Bureau of Prisons*, 2019 WL 8301052, at *18 (N.D.W. Va. Dec. 10, 2019) (rejecting *Bivens* claim based on theft of property).   As noted above, the Supreme Court has only recognized *Bivens* actions involving: (1) excessive force; (2) gender discrimination; and (3) deliberate indifference to serious medical needs. *See Williams v. Keller*, 2021 WL 4486392 at *2 (10th Cir. Oct. 1, 2021).

Plaintiff also alleges federal officials failed to respond to his hunger strike; forced him to use cleaning supplies that caused an allergic reaction; failed to treat his skin symptoms; and were generally negligent in providing medical care.  Construed liberally, these allegations implicate deliberate indifference to medical needs.  *Bivens* relief is not automatically available in all deliberate-indifference cases, however.  "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020).  Given the "expressed caution about extending the *Bivens* remedy," even "significant parallels to one of the [Supreme] Court's previous *Bivens* cases" may not be enough to show that a case arises in the same context. *Ziglar v. Abbasi,* 582 U.S. 120, 147 (2017).  "Small" differences can "easily satisf[y]" the "new-context inquiry." *Id.* at 149.

The instant Complaint does not contain enough facts to conclude that Plaintiff's claims arise in the same context as *Carlson* (*i.e.,* the Supreme Court case involving deliberate indifference).  In *Carlson,* the federal inmate died after prison officials acted against a doctor's orders; refused to provide care for an asthma attack; "[a]dministered contra-indicated drugs," which made the attack worse; and used a broken respirator. *Rowland*, 121 F.4th at1243 (summarizing the facts of *Carlson*).  The Tenth Circuit has found that the failure to treat a

6

different medical condition does not state a viable *Bivens* claim, particularly where prison officials did not make repeated, serious errors like the prison officials in *Carlson*. *Id.* The Court also notes that, even if Plaintiff could bring a viable *Bivens* claim, the current facts do not show any individual federal official knowingly disregarded a serious risk of harm. *See Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021) (deliberate indifference occurs where the medical need was sufficiently serious and each named "defendant was aware of a substantial risk of serious harm and chose to disregard that risk").

For each alternative reason above, the Complaint and Supplement fail to state a cognizable claim under *Bivens*. To the extent Plaintiff intends to seek damages based on his immigration detention, relief is also unavailable. *See Mirmehdi v. United States,* 689 F.3d 975 (9th Cir. 2011) (finding no *Bivens* claim for constitutionally invalid immigration detention); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1212–13 (11th Cir. 2016) ("no Bivens remedy is available when a plaintiff claims that he was unconstitutionally detained after being ordered removed by an immigration judge"); *De La Paz v. Coy*, 786 F.3d 367, 375 (5th Cir. 2015) (*Bivens* does not extend to "claims arising from civil immigration ... detention[ ], other than those alleging unconstitutionally excessive force."). Plaintiff must raise all challenges to his immigration custody in the pending 28 U.S.C. § 2241 proceeding before Judge Riggs.

As to the civil rights claims, the Tenth Circuit counsels that courts should ordinarily give *pro se* parties an opportunity to remedy defects in their pleadings. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will grant leave to file a single, amended civil complaint within thirty (30) days of entry of this Order. Any amended complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the

basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). If Plaintiff fails to timely amend, or if he files another complaint that fails to state a cognizable claim, the Court may dismiss this case without further notice. For clarity, such dismissal will have no impact on Plaintiff's ability to prosecute his separate Section 2241 action.

IT IS ORDERED:

1.      Within thirty (30) days of entry of this Order, Plaintiff shall file a single amended civil rights complaint.

2.      Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 3) is granted.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.